UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALI ABDULLAH ALJAHMI,

                         Plaintiff,                           Case No. 13-cv-13241

v.                                            Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND AFFIRMING THE DECISION OF THE
COMMISSIONER OF SOCIAL SECURITY**

     This case arises from an application for social security benefits filed by Plaintiff Ali

Aljahmi.  Defendant Commissioner of Social Security denied the application.  ECF No. 8 at

128.[1]  Plaintiff then requested a hearing before an Administrative Law Judge.  A hearing was

held on January 17, 2012, with Administrative Law Judge Patrick J. MacLean presiding.  ECF

No. 8 at 66.  Judge MacLean issued an unfavorable decision on February 21, 2012.  *Id*. at 44.  He

found that Plaintiff was not disabled after he stopped work.  *Id*. at 47-60. Plaintiff appealed that

decision, but his request for review was denied.  *Id*. at 27-30.  This appeal followed.  The parties

have filed cross-motions for summary judgment.  ECF Nos. 18, 19.

     At issue is whether Judge MacLean's decision is supported by substantial evidence.

Concluding that it is, Magistrate Judge Charles E. Binder issued a report recommending that the

Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary

---

[1] Due to the length of the record in this case, all citations to the record will be to its electronic filing number and the corresponding page identification number, e.g. ECF No. 8 at __. Where whole exhibits are referenced they will be so referenced by their exhibit number rather than their page identification number.

judgment, and dismiss Plaintiff's complaint. Plaintiff objected to the Report and Recommendation within fourteen (14) days.

Plaintiff raised four objections to the Magistrate's R&R. His first two objections challenge the Magistrate Judge's decision to adopt the ALJ's finding that Aljahmi's treating physician was not credible. Aljahmi's third objection is that the ALJ improperly found that Aljahmi himself was not credible. Lastly, Plaintiff objects that the ALJ did not apply the correct standard at step five of the sequential evaluation process when determining that jobs exist in the national economy that Aljahmi is capable of performing. These objections will be considered in turn.

## I.

Plaintiff Ali Aljahmi is a 49 year old man with some high-school level education. ECF No. 8 at 72. He was born in Yemen and came to the United States in 1983. *Id*. at 73. All of his education had been completed in Yemen save an English class he took upon arriving in the United States. *Id*. at 72-73. Aljahmi currently resides in Dearborn, Michigan with his family and has lived there for roughly six years. *Id*. at 74. Since arriving in the United States Aljahmi has worked a number of jobs, most recently as a machine operator. *Id*. at 239. This job required him to perform a number of physical and manual tasks throughout the day including fairly constant walking, standing, reaching, and grasping. *Id*.

## A.

Aljahmi has not worked since December 5, 2009. *Id*. at 80. On that date the facility in which he worked was relocated. He claims that the pain he was experiencing on that date was so great that he could not work again. *Id*. at 80-81. After he stopped working he sought unemployment which he received during 2010 and 2011. *Id*. at 82.

**B.**

Aljahmi claims that he is suffering from a host of ailments that makes him unable to work. He asserts that he has pain in his "back, and [his] neck, and [his] arm, and also . . . pain going down to [his] . . . feet[.]" *Id*. at 83. He has finger pain that makes it difficult for him to grasp and hold things. *Id*. at 99. He also alleges that he suffers from headaches and an inability to sleep soundly at night due to breathing issues. *Id*. at 78. On top of his physical ailments he claims he suffers from a number of mental ailments as well, most notably depression. *Id*. at 80. Aljahmi takes a number of medications for these issues, such as Vicodin for his pain and LVVOX for his depression. *Id*. at 267. Aljahmi has also treated these ailments with various ameliorative devices, such as canes and braces. *Id*. at 92-94. He uses a CPAP machine to help him sleep. *Id*. at 98.

**C.**

Because of his condition Aljahmi has difficulty doing certain everyday tasks around the house. He is unable to walk more than fifteen minutes at a time. *Id*. at 91. He cannot bathe or clothe himself without the assistance of his wife. *Id*. at 89. He also must sit in a chair when he goes to his mosque to pray because he cannot bend to kneel. *Id*. at 90. He also claims to have lost interest in any hobbies and does not engage with much around the house. *Id*. at 90-95. His trouble sleeping leads to him feeling tired all day. *Id*. at 98-99.

**D.**

Aljahmi began seeking treatment from his current physician, Dr. Sami Abu Farha, in 2005. *Id*. at 442. Over the years he has seen Dr. Abu Farha a number of times. Dr. Abu Farha has prescribed him various treatments to deal with his pain, including a referral for multiple MRIs and shoulder surgery. Aljahmi's first MRI on October 6, 2009 revealed a torn rotator cuff, for which he later had arthroscopic surgery. ECF No. 8 at 380. Aljahmi claims that his shoulder

condition did not improve following surgery. There is no evidence, however, that Aljahmi ever

sought further treatment beyond medication for the pain. Aljahmi was referred for an MRI of his

back in June, 2010 but he did not complete the MRI until eleven months later. ECF No. 23, Pl.

Objections Br. at 11. The MRI ruled out any major causes of pain in his back. ECF No. 8 at 363.

Aljahmi also sought treatment for his sleep and mental disorders. On October 18, 2011 he

was prescribed a BiPAP machine to aid with his sleep. *Id*. at 385. Aljahmi never switched from

his CPAP machine to a BiPAP machine. *Id*. at 98. Aljahmi began seeing a clinical psychiatrist,

Dr. Pravin Soni, with whom he had a number of appointments. *Id*. at 364-78. Dr. Soni

recommended a number of steps to help Aljahmi with his mental health issues. One of these was

psychotherapy. *Id*. at 378. Aljahmi, however, never began psychotherapy treatments.

Nevertheless, over time, Aljahmi's psychological state improved from his meetings with Dr.

Soni. *Id*., Ex. 14F.

## II.

### A.

A motion for summary judgment should be granted if the "movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a). The focus must be "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). The

moving party has the initial burden of identifying where to look in the record for evidence

"which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the opposing party who must set

out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).

The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Entry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

## C.

A district court does not consider the evidence before the administrative law judge de novo. *Halsey v. Richardson*, 441 F.2d 1230, 1236 (6th Cir. 1971). The Court reviews the administrative law judge's decision to determine whether the findings "are supported by substantial evidence." *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990) (citing 28 U.S.C. § 405(g)). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining the existence of substantial evidence, [a] court must examine the administrative record as a whole." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981)). A district court does not resolve conflicts of evidence or issues of credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). If the administrative law judge's decision is supported by substantial evidence, it must be affirmed, even if substantial evidence supports the opposite conclusion. *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## III.

As noted above, Aljahmi raises four objections to the Magistrate's Report and Recommendation. First, that the ALJ's finding that Dr. Abu Farha was biased was misplaced. Second, that the ALJ's reasons for discrediting Dr. Abu Farha's testimony were improper. Third, that the Magistrate Judge did not correctly review the determination by the ALJ that Aljahmi was not credible. And last, that the ALJ's determination that Aljahmi was capable of performing the tasks required in some jobs was incorrectly adopted.

**A.**

Aljahmi first objects to the adoption of the ALJ's decision that Aljahmi's treating physician, Dr. Abu Farha was biased in favor of Aljahmi. According to Aljahmi, the ALJ and Magistrate Judge did not properly apply "the principle that the most weight should be given to the opinions of treating physicians in the absence of specific reasons amounting to good cause for rejecting them." ECF No. 23, Pl. Objections Br. at 3 (citing 20 C.F.R. § 404.1527(c)(2)).

Title 20 C.F.R. § 404.1527(c)(2) states that "[g]enerally, we give more weight to opinions from your treating sources[.]" But an ALJ may depart from this guidance where it appears that the physician is crafting an opinion in order to aid the patient in getting disability benefits. *See Blevins v. Sec'y of Health and Human Servs.*, 831 F.2d 293, *4 (6th Cir. 1987) ("These witnesses were also likely to have been 'leaning over backwards to support the application,' and the Secretary need not ignore their 'incentives' in respect to weighing credibility."); *see also*, *e.g.*, *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) ("As we previously have noted, "'[t]he patient's regular physician may want to do a favor for a friend and client, and so the treating physician may too quickly find disability.'" (quoting *Books v. Chater*, 91 F.3d 972 (7th Cir. 1996) (internal quotation marks omitted) (internal citations omitted)). The plaintiff has not brought forward any equally persuasive authority to warrant revisiting the ALJ's opinion.

Aljahmi emphasizes *Brown v. Commissioner of Soc. Sec.*, No. 11-11535, 2012 WL 2847905 (E.D. Mich., June 20, 2012), a case that, he contends, explains why Dr. Abu Farha's opinion should be credited. In *Brown*, the court rejected the R&R and the ALJ's determination that the treating physician might be biased. The court did so because the ALJ rejected the treating physician's testimony "for three purely speculative reasons." *Id.* at *14. This decision

- 7 -

offers no guidance in this case. Here, the ALJ did not have purely speculative reasons for discounting Dr. Abu Farha's opinion.

Contrary to Aljahmi's assertion that "the ALJ failed to cite specific evidence in the record confirming that such possibilities were realities in the case," ECF No. 23, Pl. Objections Br. at 3-4, the ALJ did exactly that. The ALJ points specifically to Dr. Abu Farha's deposition where he admits that he will provide a patient with a work excuse letter if the patient so requests. ECF No. 8 at 469-72. When pressed, Dr. Abu Farha stood by his position that "if [Aljahmi] would ask me knowing his work conditions, if he would think like he would be accommodated for that and he asked me, I would [give him a work restriction]." *Id*. at 472. There is substantial evidence in the record that Dr. Abu Farha sought to offer work restrictions when requested by patients, even if he felt, medically, that they could keep working full time. Plaintiff's first objection is overruled.

**B.**

Aljahmi's second objection is of the same type as the first. He alleges that the ALJ had improper reasons, beyond just bias, for discounting Dr. Abu Farha's opinion. ECF No. 23, Pl. Objections Br. at 4. Specifically, Aljahmi raises four subsidiary objections:

> It should be emphasized that in his decision the ALJ sweepingly rejected Dr. Abufarha's opinions by: (1) stating they "touch on the claimant's status as disabled, which is an issue reserved for the Commissioner"; . . . (3) claiming "the treatment regimen pursued by Dr. Abufarha was not indicative of someone as limited as assessed"; (4) asserting "it is not clear that Dr. Abufarha was familiar with the definition of 'disability'"; and (5) claiming generically "the treatment notes indicate that Dr. Abufarha relied quite heavily on the subjective report of symptoms and limitations provided by the claimant . . . ."

*Id.*[2]

Aljahmi again properly points to the applicability of 20 C.F.R. § 404.1527. But an ALJ, as well as courts, are "not bound by treating physicians' opinions, especially when there is

---

[2] Number two in this list was identical to his first objection that the ALJ improperly attributed bias to Dr. Abu Farha.

substantial medical evidence to the contrary." *Cutlip*, 25 F.3d 284, 287 (6th Cir. 1994) (citing

*Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir.1992); *Young v.*

*Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir.1990); *Hardaway v. Secretary*

*of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987)). The opinions of treating

physicians "are only accorded great weight when they are supported by sufficient clinical

findings and are consistent with the evidence." *Id*. (citing *Young*, 925 F.2d at 151).

Plaintiff first objects to the Magistrate Judge adopting the ALJ's opinion that Dr. Abu

Farha proffered a conclusion that is reserved to the ALJ. ECF No. 23, Pl. Objections Br. at 5.

Aljahmi concedes that the regulation at 20 C.F.R. § 404.1527(d)(1) allocates the decision on

whether a claimant is "unable to work" to the ALJ. *Id*. He contends Dr. Abu Farha made no such

determination and that he could offer "opinions on such issues as a claimant's functional

limitations" and that "[t]his is precisely what Dr. Abufarha [sic] has done in explaining that Mr.

Aljahmi needs to avoid prolonged sitting and standing[.]" *Id*. Yet this ignores the ALJ's opinion

and corresponding reference to the record. The ALJ emphasizes the record at exhibit 9F where

Dr. Abu Farha writes "Mr. Aljahmi is unable to work in any job situation." ECF No. 8 at 354.

Dr. Abu Farha's opinion is clearly barred by the regulation as that conclusion is delegated to the

ALJ.

Next, Aljahmi claims that the ALJ erred in finding that Aljahmi was kept on a

conservative treatment regimen. ECF No. 23, Pl. Objections Br. at 5. Aljahmi asserts that his

referrals for "MRIs, EMG studies[,] . . . physical therapy and . . . shoulder surgery . . . [were]

hardly conservative in nature." *Id*. But once again, Aljahmi misreads the ALJ's opinion. The ALJ

concluded that the treatment regimen *following* shoulder surgery was conservative in relationship

to the claim that Aljahmi's pain did not improve in that period and even got worse. ECF No. 8 at

58. Aljahmi also challenges the ALJ for finding that he only visited Dr. Abu Farha for medication refills, but that accusation is not supported in the ALJ's opinion. The ALJ found that Aljahmi's treatment following arthroscopic surgery was limited to pain medication. He did not hold that obtaining the medication was the sole purpose of his doctor visits. *Id*.

Third, Aljahmi contests the ALJ's finding that Dr. Abu Farha was not familiar with Social Security's definition of disability "and he was possibly 'referring solely to an inability to perform the claimants past work . . .'" ECF No. 23, Pl. Objections Br. at 7 (citing ECF No. 8 at 58). Aljahmi does not offer any support for this assertion other than claiming "there is no factual basis for this finding" before pivoting to his criticism of the Commissioner's Summary Judgment brief. *Id*. The Plaintiff's primary point in rebuttal to this claim by the ALJ is that "Dr. Abufarha [sic] set forth functional limitations that are not consistent with the ALJ's RFC finding, which renders conjecture about the degree of the physician's familiarity with the disability definitions immaterial." *Id*. But even if these bare assertions by Aljahmi are correct, and Dr. Abu Farha was indeed familiar with Social Security's definition of disability, there are still substantial grounds on which the ALJ could have deemed Dr. Abu Farha's testimony not credible and inconsistent with the evidence in the record.

Lastly, Aljahmi takes issue with the ALJ's finding that Dr. Abu Farha relied primarily on his subjective complaints. *Id*. at 7-8. To rebut this finding Aljahmi directs the Court to objective tests performed by Dr. Abu Farha that corroborate the subjective reports of Aljahmi regarding his condition. Namely, he points to the May 20, 2011 MRI and numerous examination notes that indicate muscle spasms in the neck and back. *Id*. Plaintiff also points to an EMG study which revealed mild carpal tunnel syndrome and other neuropathy. *Id*. It bears repeating that while this evidence is indeed in the record, there is no evidence that the ALJ disregarded it. The ALJ

merely states, in language quoted by Aljahmi in his objections, that "treatment notes indicate that Dr. Abufarha [sic] relied quite heavily on the subjective report of symptoms and limitations provided by the claimant." ECF No. 8 at 58. The evidence in the record supports this finding by the ALJ and this Court cannot upset that finding in light of the substantial evidence supporting it. ECF No. 8, Exs. 3F, 16F.

While not initially enumerated in his objections, Aljahmi advances one final dispute with the ALJ's credibility finding. He alleges that the ALJ did not comply with Sixth Circuit law because "the ALJ did not reflect sufficient consideration of the factors or comply with the standard described in *Blakely*." ECF No. 23, Pl. Objections Br. at 9 (citing *Blakely v. Commissioner of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009). Plaintiff concedes, however, that the ALJ need not expressly consider each of the twenty factors in 20 C.F.R. § 404.1527 and § 416.927. *See Francis v. Commissioner Social Security Administration*, 414 Fed. App'x 802, 804 (6th Cir. 2011). Instead, Aljahmi contends that the ALJ did not include "good reasons" for the weight he gave to Dr. Abu Farha's opinion. *Id*. But as previously discussed, the ALJ did just that, offering numerous areas in which he disagreed with Dr. Abu Farha's opinion and giving good reasons why he would not fully credit it. In *Francis*, the court noted that "the ALJ cited the [treating physician] opinion's inconsistency with the objective medical evidence, Francis's conservative treatment and daily activities, and the assessments of Francis's other physicians. Procedurally, the regulations require no more." 414 Fed. App'x at 805. Thus, the bar to satisfy the regulations is not a high one and the ALJ offered ample evidence in support of the weight he gave Dr. Abu Farha's opinions.

Plaintiff argues that "even assuming *arguendo* that the ALJ did not err in this particular regard, each of the other errors discussed above and in Plaintiff's briefing warrant remand." ECF

No. 23, Pl. Objections Br. at 9. The ALJ did not err in *factum* in this regard or the others. Plaintiff's objection will be overruled.

## C.

Aljahmi further objects to the Magistrate Judge's adoption of the ALJ's finding that he was not credible. He claims that "the ALJ selectively cited from the evidence of record and failed to consider the record as a whole, as required." ECF No. 23, Pl. Objections Br. at 9. Aljahmi asserts that "courts have observed the scrutiny applied when reviewing an ALJ's credibility assessment is appropriately increased in cases where the ALJ did not rely on his or her observations of demeanor or other subjective factors." *Id.* at 10.

Aljahmi is right to emphasize *Rogers v. Commissioner of Social Security*, 486 F.3d 234 (6th Cir. 2007), for the proposition that an ALJ's credibility determination must find a basis in the record. ECF No. 23, Pl. Objections Br. at 10. But he is wrong to say that "[t]he application of 'special deference' proposed by the R&R is simply not warranted in this case." *Id. Rogers*, while counseling that credibility determinations not be "based solely upon an intangible or intuitive notion about an individual's credibility," plainly directs that "[i]t is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses." *Rogers*, 486 F.3d at 247 (internal quotation marks omitted).

Indeed, it is well established that upon review courts are to "accord the ALJ's determinations of credibility great weight and deference." *Jones v. Commissioner of Soc. Sec.,* 336 F.3d 469, 476 (6th Cir. 2003). This Court is limited to assessing whether the ALJ's explanations for discrediting the Plaintiff are "reasonable and supported by substantial evidence in the record." *Id.* Thus, Aljahmi errs in stating that a heightened standard of review applies where an ALJ uses objective evidence from the record in making a credibility determination. To

the contrary, ALJ's are encouraged to look to the record to substantiate their decisions. But because the record exists for appellate bodies in the same form in which the ALJ considered it, "when . . . determinations rest on objective factors or fundamental implausibilities . . . , appellate courts have greater freedom to review the ALJ's decision." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Greater freedom to review does not equate to the mandatory application of a more stringent standard of review.

Aljahmi nevertheless attempts to explain the areas in the record where the ALJ identified contradictions that lead him to question Aljahmi's credibility. Plaintiff attempts to refute the ALJ's decision by pointing to evidence that the ALJ either failed to consider or attribute sufficient weight. But this is not the standard which a court is to apply in reviewing an ALJ's decision. Rather, "[e]ven if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Aljahmi would need to show that the ALJ's decision that he was not a credible witness was not supported by substantial evidence. This he cannot do, particularly with regard to Aljahmi's claims about his back and shoulder injuries. The ALJ offers ample evidence to support his conclusion regarding Aljahmi's back condition. The record also supports the ALJ's conclusion that Aljahmi's shoulder had improved, as Plaintiff concedes in his brief. See ECF No. 23, Pl. Objections Br. at 11.

Next, Aljahmi claims that the ALJ erred when it noted that the record was silent as to whether Aljahmi actually followed up on his referrals for physical therapy and an MRI. ECF No. 23, Pl. Objections Br. at 11. First, Plaintiff alleges that the ALJ failed to see that Dr. Abu Farha, in his treatment notes (ECF No. 8 at 305), confirmed physical therapy. This would indeed

- 13 -

counter the ALJ's claim that "the record is silent as to if the claimant ever underwent therapy." *Id.* at 54. But it does not explain the absence of any record from a physical therapist documenting his treatment or any other notes in the record regarding therapy.

Similarly, Aljahmi argues that the ALJ erred when he stated that it was not clear Aljahmi followed up on his MRI referral in June 2010. ECF No. 23, Pl. Objections Br. at 11. Aljahmi points to the record where it shows that he had "cervical MRI studies performed on May 20, 2011." *Id.* Yet this does not explain the eleven month gap between the referral and the date of the test, which the ALJ could reasonably believe indicated that Aljahmi did not act on the June, 2010 referral.

But even if Aljahmi is correct that there is no evidence in the record to substantiate either of these conclusions by the ALJ, he fails to make a similar showing with respect to the numerous other grounds on which the ALJ relied. Aljahmi's reliance on a case from the Second Circuit for the proposition that the ALJ had an affirmative duty to query Aljahmi about every discrepancy in the record is without merit. In *Vincent v. Commissioner of Social Security*, 651 F.3d 299 (2d Cir. 2011), the issue was whether Vincent's attorney was entitled to fees under the Equal Access to Justice Act. The district court had held that he was not because it attributed to him omissions in the record that were properly attributable to the ALJ. It is true that it is the ALJ's responsibility to investigate an undeveloped or incomplete record but *Vincent* does not support the notion that an ALJ's decision is invalid for not doing so.

Even if the ALJ had, as Aljahmi contends, a duty to investigate an incomplete record, that has no bearing on Aljahmi's case. Perhaps the ALJ should have questioned why Dr. Abu Farha noted that Aljahmi was attending physical therapy. But there are a number of other situations that the ALJ emphasizes that are not omissions in the record itself but inconsistencies between what

- 14 -

Aljahmi claims are his disabling conditions and the steps he took to remedy them leading up to the ALJ's decision. For example, the record indicates that Aljahmi was prescribed a BiPAP machine, but it is undisputed that he stayed on the CPAP machine. ECF No. 8 at 98, 385. While it may indeed be the responsibility of the ALJ to investigate possible omissions in the record, it is not his responsibility to do so where the record clearly indicates that the claimant simply failed to follow a course of treatment recommended by a physician.

The Plaintiff claims that the ALJ similarly erred in discrediting his psychological issues because he failed to seek treatment for them. Aljahmi points out that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." ECF No. 23, Pl. Objections Br. at 13 (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989). While that is no doubt true, *Blankenship* is distinguishable. There, the claimant had been found to be "hostile, unfriendly, sullen, and withdrawn" and had a history of not seeking treatment. *Blankenship*, 874 F.2d at 1117. Here, Aljahmi had visited with two mental health specialists, at least one of which he visited numerous times on referral from Dr. Abu Farha. Furthermore, Aljahmi has given no indication that he struggles with seeking the help of medical professionals.

Aljahmi also presents the inconsistencies the ALJ noted regarding why Aljahmi went off work as another ground for error. ECF No. 23, Pl. Objections Br. at 15. But to repeat: merely indicating that there is evidence weighing against the ALJ's opinion is not sufficient to invalidate that opinion. Plaintiff must show that the ALJ did not rely upon sufficient evidence. With respect to leaving work, the record shows that the plant at which Aljahmi worked closed and that he has not worked since that date. ECF No. 8 at 79-82. Aljahmi testified that he stopped working because of the pain he was experiencing. *Id*. He also testified, however, that he sought

unemployment after the company relocated. *Id*. Sufficient evidence exists to indicate that but-for the plant moving Plaintiff would have kept working.

Once more, the same rule—that the Plaintiff must show the ALJ did not base his decisions on sufficient evidence—applies to the claim that the ALJ ignored Aljahmi's "solid work history." ECF No. 23, Pl. Objections Br. at 16. Plaintiff cites a series of cases supporting the notion that a strong work history cuts in favor of a credibility finding. *See Allen v. Califano*, 613 F.2d 139, 147 (6th Cir. 1980), *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983), *Hutsell v. Massanari*, 259 F.3d 707, 713 (8th Cir. 2001), *Dobrowolsky v. Califano*, 606 F.3d 403, 409 (3d Cir. 1979). But none of these cases hold that an ALJ *must* find a claimant with a strong past work history credible. Instead, they merely reaffirm that past work history forms a part of the record on which the ALJ relies and instructs on how the ALJ should weigh such evidence.

Aljahmi cannot show that the ALJ's credibility determination was not based on substantial evidence. As a result, Plaintiff's objection is overruled.

**D.**

Aljahmi's final objection is that the ALJ failed to meet his burden at step five of the sequential evaluation process. ECF No. 23, Pl. Objections Br. at 17. The thrust of Aljahmi's objection is that the hypothetical posed by the ALJ to the Vocational Expert did not accurately reflect Aljahmi's limitations. First, he claims the ALJ failed to incorporate his reaching restrictions with his left arm and his difficulties with the English language. Second, Plaintiff alleges that the ALJ failed to incorporate all of his concentration, persistence, and pace limitations into the hypothetical.

Plaintiff fails to show that any of the proposed positions conflict with his reaching or language limitations. It is true that all three positions require "bilateral reaching and/or

handling." *Id*. It is also true that all three jobs require some proficiency in the English language. *Id*. at 18. But the Vocational Expert indicated that her testimony was "consistent and within the scope of the Dictionary of Occupational Titles." ECF No. 8 at 107. To the extent that her opinion conflicted with the Dictionary, however, an "ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003).

Plaintiff suggests that the Sixth Circuit has also endorsed contrary authority found in the Social Security rule interpretation SSR 00-4P that "[n]either the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict." 2000 WL 1898704. The two authorities are not in conflict. The ALJ is not required to follow the DOT and the DOT is not binding on the ALJ. That is: the ALJ is free to disregard the DOT for the opinion of a VE if he feels the latter is more accurate or appropriate. Saying that one source does not automatically trump another simply means that the ALJ is not required to use that source when there is a conflict regardless of how appropriate he or she feels that source's conclusions are. Instead, an ALJ is permitted to weigh the conclusions of the two sources and decide in favor of the source that is more appropriate. Furthermore, if there is a conflict, the burden lies with Plaintiff to raise the conflict to the ALJ. SSR 00-4P 2000 WL 1898704. Because Aljahmi "did not bring the conflict to the attention of the ALJ, the ALJ did not need to explain how the conflict was resolved." *Martin v. Commissioner of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006).

Plaintiff next claims that the ALJ did not incorporate his own findings of pace, speed, and concentration restrictions into his hypothetical. ECF No. 23, Pl. Objections Br. at 19-20. Aljahmi cites *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930-31 (E.D. Mich. 2005), as an example of

- 17 -

where this Court rejected a "streamlined hypothetical" that did not properly account for a claimant's "moderate limitation in her ability to concentrate, persist and keep pace[.]" Plaintiff urges that this case guides the analysis of the ALJ's hypothetical.

Setting to one side contrary authority[3] and taking *Edwards* by itself, it does not square with the facts in the present case. While the ALJ did include in his hypothetical a direction to include "work [that] is limited to simple, routine and repetitive tasks," that was not the sole hypothetical that accounted for Aljahmi's limitations. ECF No. 8 at 103. When Aljahmi's attorney had the opportunity to question the VE he made a number of inquiries into jobs that could accommodate someone who "would have difficulty with attention and concentration for more than an hour or two at a time[.]" *Id*. at 108. On this record, Plaintiff cannot show that the ALJ failed to consider the relation of his cognitive limitations to possible positions recommended by the VE.

Because the ALJ did not err in the fifth step of the sequential evaluation process, Aljahmi's fourth objection is overruled.

## IV.

Accordingly, it is **ORDERED** that Plaintiff Aljahmi's Objection (ECF No. 23) to Magistrate Judge Binder's Report and Recommendation is **OVERRULED**.

---

[3] *See, e.g., Seach v. Commissioner of Social Security*, No. 10-11741, 2011 WL 1792666 at *8 (E.D. Mich. Apr. 6, 2011), report and recommendation adopted, 2011 WL 1792706 (E.D. Mich. May 11, 2011) ("Moreover, decisions in this district reflect the conclusion that a moderate impairment in concentration, persistence, and pace does not necessarily preclude simple, routine, unskilled work. *See e.g* ., *Latarte v. Commissioner of Social Security*, 2009 WL 1044836, *3 (E.D.Mich. April 20, 2009); Street v. Commissioner of Soc. Sec., 390 F.Supp.2d 630, 638 (E.D.Mich.2005), citing, *Chafin v. Commissioner of Social Security*, 2005 WL 994577, *2, 4 (E.D.Mich. April 26, 2005) (ALJ's hypothetical question addressed plaintiff's mental deficiencies sufficiently by limiting him to "simple, unskilled work." Further, although plaintiff had "moderate" deficiencies of concentration, persistence, or pace he could nonetheless perform the work of an assembler, packager, inspector, and security monitor); *Lyons v. Commissioner of Social Security*, 351 F.Supp.2d 659, 662 (E.D.Mich.2004) ("ALJ took into account [the][p]laintiff's depression ... by including limitations within the hypothetical ... limiting the possible jobs to simple, unskilled, and routine work")").

It is further **ORDERED** that Magistrate Judge Binder's Report and Recommendation (ECF No. 22) is **ADOPTED.**

It is further **ORDERED** that Plaintiff Aljahmi's Motion for Summary Judgment (ECF No. 18) is **DENIED**.

It is further **ORDERED** that Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 19) is **GRANTED**.

It is further **ORDERED** that the determination of the Commissioner of Social Security is **AFFIRMED** and that the complaint is **DISMISSED** with prejudice.

Dated: October 2, 2014                                         s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 2, 2014.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS

---